## SUPREME COURT.

### HAYWOOD agt. SHAW and others.

The omission to *record* an instrument does not prejudice the right of the grantee, as against a subsequent grantee, *with notice.*

It was *held* in this case, that the plaintiff through his agent, had notice from the facts and circumstances, of a prior mortgage to his own, although it was unrecorded; and that such prior mortgage was decreed to be prior in lien upon the premises, to the plaintiff's mortgage.

*New - York Special Term, April,* 1858.

APPLICATION for judgment on mortgage foreclosure.

——————— *for plaintiff.*
——————— *for defendants.*

CLERKE, Justice.  The omission to record an instrument, does not prejudice the right of the grantee as against a subsequent grantee, with notice.  The only question here is, had the plaintiff notice ?  The plaintiff and his agent well knew that Shaw was not the owner of the property, at the time of the negotiation relative to the loan; but that he was about to purchase it from the defendant Morrill.  His agent knew that the house was worth $10,000, and that that was the price for which it was to be sold.  He knew that Shaw had no cash to pay for it, but the $1,000 which he was to procure from the plaintiff, and that there was a prior mortgage for $5,000. Could they have supposed, that, contrary to all usage, the ven-

dor would have taken an unsecured promise for the remainder? When we add to this, the much stronger circumstance, that all parties were present at the time of the delivery of the deed by the vendor to Shaw, the delivery of the mortgage for a part of the consideration by Shaw, the drawing of the notes, and the payment of the $1,000 lent by the plaintiff to Shaw, the only amount in cash paid on the transaction, and the delivery of the mortgage to the plaintiff's agent, to secure the plaintiff's loan, it is difficult to imagine that the plaintiff through his agent, had not notice of the vendor's mortgage.

I therefore adjudge the priority of Miss Morrill's mortgage, and let it be referred to John Harnett, Esq., 39 William-street, to ascertain the amount due on each mortgage, and when this is ascertained, let judgment be entered accordingly, payment to be made out of the proceeds of the sale, according to the priority here adjudged, without costs to the plaintiff, and if the proceeds are not sufficient to pay Miss Morrill's costs, the plaintiff must pay them.